United States v. Pinero

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION 'SUMMARY ORDER'). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of January, two thousand seventeen.

PRESENT: DENNIS JACOBS,
      SUSAN L. CARNEY,
                 <u>Circuit Judges</u>,
      KATHERINE POLK FAILLA,
                 <u>District Judge</u>.*

- - - - - - - - - - - - - - - - - - - -X
United States of America,
      <u>Appellee</u>,

      -v.-                      14-2788

James Ferrara, Daniel Hanley, Peter Kanakis,
      <u>Defendants</u>,

Nelson Pinero,
      <u>Defendant-Appellant</u>
- - - - - - - - - - - - - - - - - - - -X

---

\* Judge Katherine Polk Failla of the United States District Court for the Southern District of New York, sitting by designation.

**FOR APPELLANT:**                    Nicholas J. Pinto, New York, NY.

**FOR APPELLEE:**                    Susan Corkery, Melody L. Wells,
                                     Assistant United States Attorneys,
                                     <u>for</u> Robert L. Capers, United States
                                     Attorney for the Eastern District
                                     of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Vitaliano, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Nelson Pinero was convicted after a jury trial of conspiracy to collect credit using extortionate means, in violation of 18 U.S.C. § 894(a)(1). The district court (Vitaliano, <u>J.</u>) sentenced him to 21 months of imprisonment, which he has already served, and a term of supervised release that is ongoing. Pinero appeals from his judgment of conviction, arguing that the evidence was insufficient to establish that he participated in a conspiracy.

"We review challenges to the sufficiency of evidence de novo." <u>United States v. Pierce</u>, 785 F.3d 832, 837 (2d Cir. 2015). A defendant challenging the sufficiency of evidence bears a heavy burden because "we view the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility." <u>Id.</u> at 838. "We will sustain the jury's verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Id.</u> (internal quotation marks omitted) (emphasis omitted). "The jury may reach its verdict based upon inferences drawn from circumstantial evidence," and on review, "the evidence must be viewed in conjunction, not in isolation." <u>United States v. Persico</u>, 645 F.3d 85, 104 (2d Cir. 2011).

In cases of conspiracy, deference to the jury's inferences, determinations of credibility, and the weight of the evidence "is especially important . . . because a conspiracy by its nature

2

is a secretive operation, and it is a rare case where all aspects of a conspiracy can be laid bare in court with the precision of a surgeon's scalpel." United States v. Pitre, 960 F.2d 1112, 1121 (2d Cir. 1992) (internal quotation marks and citation omitted). It need not be proven that the conspirators "have agreed on the details of the conspiracy, so long as they agreed on the essential nature of the plan," United States v. Geibel, 369 F.3d 682, 689 (2d Cir. 2004), and "proof of a tacit understanding will suffice." United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992).

Evidence at trial established that Pinero and his codefendants Ferrara and Kanakis entered into a conspiracy to collect a debt using extortionate means. The evidence included the testimony of Kanakis, the testimony of the victim, the testimony of an FBI agent, and surveillance video. Kanakis testified that Pinero, Kanakis, and Ferrara met to discuss the debt owed by the victim and that Ferrara suggested Pinero and Kanakis "hit" him or "bloody him up" if necessary to collect it. Suppl. App. 49-50. Kanakis also testified that Pinero asked whether Ferrara would "take care of us" if their actions resulted in legal fees, id. at 60-61, and that Pinero accepted payment for his role, id. at 65-66. That evidence is sufficient to show that Pinero was aware of the nature of the conspiracy, was aware of its illegality, and decided to participate nevertheless.

Pinero argues that he did not intend to participate in extortion and that Kanakis's testimony suggests that Pinero went along on debt-collection trips merely "to watch [Kanakis's] back." Appellant Br. 16. However, as the district court observed in its opinion denying Pinero's post-trial motions: even if Pinero saw himself only as an "'insurance policy' for Kanakis, in case something went wrong and Kanakis found his safety in jeopardy," nevertheless "[t]he fact that the insurance was not needed does not make it dissolve; nor does it preclude a jury from finding that the uncashed policy was still part of the conspiracy." App. 27. Taken in combination, and viewed in the light most favorable to the government, the evidence at trial was sufficient for a reasonable jury to find Pinero guilty of the convicted offense.

3

Accordingly, and finding no merit in appellant's other arguments, we hereby **AFFIRM** the judgment of the district court.

                          FOR THE COURT:
                          CATHERINE O'HAGAN WOLFE, CLERK